IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RHINA ALVARENGA**,<br><br>                    Plaintiff,<br><br>v.<br><br>**COVERALL OF NORTH AMERICA, d/b/a Coverall Cleaning Concepts and Coverall of Boston, and SUNRISE SENIOR LIVING, INC., d/b/a and Sunrise of Arlington**,<br><br>                    Defendants. | Case No. 05-11819 JLT |

**COVERALL NORTH AMERICA, INC.'S
MOTION TO STAY PROCEEDINGS PENDING ARBITRATION
AND TO EXTEND TIME TO RESPOND TO THE AMENDED COMPLAINT**

Defendant Coverall North America, Inc., d/b/a Coverall Cleaning Concepts and Coverall of Boston ("Coverall"), by its attorneys, moves (i) pursuant to § 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, to stay all proceedings against Coverall pending arbitration of the plaintiff's claims; and (ii) pursuant to Rule 6(b), Fed.R.Civ.P., to extend Coverall's time to answer, move or otherwise plead in response to plaintiff's Amended Complaint (should this Court not stay all proceedings against Coverall) until the Court resolves Coverall's Motion to Stay Proceedings.

In support of this motion, Coverall states as follows:

1.     This action arises out of a written Franchise Agreement between Coverall, a franchisor of commercial janitorial cleaning businesses, and plaintiff Rhina Alvarenga. Pursuant to the Franchise Agreement, Coverall offered, and Ms. Alvarenga accepted, a limited license to operate a Coverall franchise in Massachusetts.

2.   In the Franchise Agreement, Ms. Alvarenga and Coverall agreed that they would submit all disputes arising out of or relating to the Franchise Agreement, the validity of that agreement or the parties' relationship to arbitration before the American Arbitration Association. Notwithstanding that agreement, Ms. Alvarenga sued Coverall in Middlesex Superior Court (an action later removed to this Court by Coverall's co-defendant, Sunrise Senior Living, Inc.), raising numerous claims involving the Franchise Agreement and the parties' business relationship.

3.   Where, as here, "there is an agreement to arbitrate, the FAA reflects a strong, well-established, and widely recognized federal policy in favor of arbitration." *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 29 F.3d 727, 730 (1st Cir.), *aff'd*, 515 U.S. 528 (1995). Consistent with this policy, § 3 of the FAA provides :

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties, stay the trial of the action until such arbitration has been had in accordance with the terms of the Agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

4.   The issues raised in Ms. Alvarenga's Amended Complaint are subject to arbitration under the parties' written Franchise Agreement. Even if Ms. Alvarenga disputed the scope of the parties' agreement, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62, 115 S. Ct. 1212, 1218 n.8 (1995) (quoting *Moses H. Cone Memorial Hosp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941 (1983)). A dispute that is even arguably subject to an arbitration agreement should be

arbitrated "unless it can be said with **positive assurance** that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *AT&T Technologies v. Communication Workers*, 475 U.S. 643, 650, 106 S. Ct. 1415, 1419 (1986) (emphasis added). Coverall thus is entitled under § 3 of the FAA to a stay of this action, and should be given leave under Rule 6(b) not to answer or otherwise plead in response to Ms. Alvarenga's Amended Complaint (if this Court should not stay these proceedings against Coverall) until after this Court has ruled on Coverall's motion for a stay.

FOR THESE REASONS, as well as those set forth in the accompanying memorandum of law, Coverall asks this court to:

A. Stay all proceedings against Coverall North America, Inc. ("Coverall") in this matter pending completion of arbitration before the American Arbitration Association of all of Rhina Alvarenga's claims against Coverall;

B. Grant Coverall leave not to answer or otherwise plead in response to Ms. Alvarenga's Amended Complaint (should this Court decide not to stay these proceedings against Coverall) until seven (7) days after this Court has ruled on Coverall's motion for a stay; and

C. Grant such other and further relief as is just and appropriate.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), Coverall North America, Inc. requests oral argument on its Motion to Stay Proceedings Pending Arbitration and to Extend Time to Respond to Amended Complaint.

## LOCAL RULE 7.1(A)(2) CERTIFICATE

The undersigned certifies that he has conferred with counsel for plaintiff Rhina Alvarenga and co-defendant Sunrise Senior Living, Inc. in a good-faith attempt to resolve or narrow the issues presented by Coverall North America, Inc.'s Motion to Stay Proceedings Pending Arbitration and to Extend Time to Respond to Amended Complaint.

          COVERALL NORTH AMERICA, INC.. d/b/a Coverall Cleaning Concepts and Coverall of Boston,

          By its attorneys,

          __/s/ Michael D. Vhay_____
          Michael D. Vhay (BBO No. 566444)
          Traci S. Feit (BBO No. 660688)
          DLA PIPER RUDNICK GRAY CARY US LLP
          One International Place, 21st Floor
          Boston, MA  02110-2600
          (617) 406-6000 (telephone)
          (617) 406-6100 (fax)

Dated: September 30, 2005