UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rhina Alvarenga,<br>    Plaintiff,<br><br>  v.<br><br>Coverall of North America d/b/a Coverall Cleaning Concepts and Coverall of Boston, Sunrise Senior Living, Inc. d/b/a Sunrise of Arlington,<br>    Defendants. | Civil Action No. 05-11819-JLT |

## PLAINTIFF RHINA ALVARENGA'S MEMORANDUM IN SUPPORT OF HER MOTION TO REMAND

Plaintiff Rhina Alvarenga filed this action in the Middlesex Superior Court on May 24, 2005, and filed the Amended Complaint on August 8, 2005. Defendant Sunrise Senior Living, Inc. ("Sunrise") was served with a summons and copies of the original and amended complaint on August 11, 2005. Counsel for defendant Coverall of North America ("Coverall") accepted service on its client's behalf on August 15, 2005. Sunrise filed its Notice of Removal on September 7, 2005. Coverall did not join in the Notice of Removal and has expressed no assent to removal. Because removal of this action was improper, plaintiff Rhina Alvarenga seeks remand pursuant to 28 U.S.C. §1447(c).

First, the Court does not have subject matter jurisdiction over this action. *See* 28 U.S.C. § 1367. The amended complaint, which was filed before Sunrise's Notice of Removal, asserts no federal claim; rather, Rhina Alvarenga asserts claims solely under Massachusetts statutory and common law.[1] *See* Amended Complaint, attached as Exhibit B to Notice of Removal

---

[1] The amended complaint alleges that Coverall is liable for fraud and misrepresentation, violation of Mass. G.L. c.

[Docket No. 1]. Although the *original* complaint did assert a claim against Sunrise and Coverall for failure to pay overtime wages in violation of the Fair Labor Standards Act, that claim was deleted in the amended complaint. The widowed reference to 29 U.S.C § 216 in the amended complaint is merely a word processing error, and does not state a claim for unpaid overtime wages under the Fair Labor Standards Act.

Even if the Court finds that it can exercise subject matter jurisdiction over this action, remand is appropriate because the removal procedure was defective. The federal removal statute requires that a defendant file a notice of removal in the federal district court within thirty days after receipt of the initial pleading or service of process. *See* 28 U.S.C. §§ 1446(a), (b). In cases involving multiple defendants, all defendants who have been served must join in or assent to the removal petition. *See e.g.*, *Murphy* v. *Newell Operating Co.*, 245 F. Supp. 2d. 316, 318 (D. Mass. 2003); *Garside* v. *Osco Drug, Inc.*, 702 F. Supp. 19, 21-22 (D. Mass. 1988) (Tauro, J.). Each defendant's consent to removal must be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days. *Frankston* v. *Denniston*, 376 F. Supp. 2d 35, 38 (D. Mass. 2005).

Coverall was served formally with the summons and complaint on August 15, 2005, but it has neither filed an assent to Sunrise's removal petition nor otherwise expressed its consent to removal. Since Coverall has not consented to removal within 30 days of being served, the removal procedure is fatally defective and remand is appropriate. *See id.*; 28 U.S.C. §§ 1446(b), 1447(c).

---

93A, breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, failure to compensate plaintiff for services rendered, and violations of Massachusetts statutory wage and hour laws. In addition, the amended complaint asserts claims against Sunrise for violations of chapter 93A and Massachusetts wage and hour laws and for failure to compensate plaintiff for services rendered.

For the reasons stated above, plaintiff Rhina Alvarenga respectfully requests that the Court remand this action to the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Middlesex Superior Court.

        RHINA ALVARENGA
By her attorneys,

/s/ Melissa C. Allison
Jennifer L. Huggins (BBO #642252)
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
617.603.1810

Daryl J. Lapp (BBO #554980)
Melissa C. Allison (BBO #657470)
PALMER & DODGE LLP
111 Huntington Avenue at Prudential Center
Boston, MA 02199-7613
617.239.0100

Dated: October 7, 2005