**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**
Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Telephone (617) 367-7200
Fax (617) 367-4820

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea

Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon
Leah M. Barrault
Stephen Young

Tod A. Cochran
OF COUNSEL

*Also admitted in Maine
**Also admitted in New York

October 28, 2005

**VIA HAND DELIVERY**
The Honorable William G. Young
Chief Judge, United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

RE: Alvarenga v. Coverall North America, et al, No. 05-11819 (JLT)

Coverall North America, Inc. v. Padilha, No. 05-11867 (MLW)

Coverall North America, Inc. v. Lisboa, No. 05-11868

Coverall North America, Inc. v. Canestraro, No. 05-11869

Coverall North America, Inc. v. Martins, No. 05-11870

Coverall North America, Inc. v. Pereira, No. 05-11871

Coverall North America, Inc. v. Furtado, No. 05-11872

Coverall North America, Inc. v. De Carvalho, No. 05-11873

Coverall North America, Inc. v. Sodre, No. 05-11874

Machado et al. v. Coverall North America, Inc., No. 05-11884

Dear Chief Judge Young:

As you may recall, I wrote to you last month regarding Coverall North America's filing of eight separate lawsuits against my clients in a preemptive move seeking to compel them to arbitrate their claims prior to their filing a class action complaint (see attached correspondence). When filing these eight separate lawsuits, Coverall did not

PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.

indicate on the civil category sheets, as required by Local Rule 40.1(G)(2), that other related cases were being filed, and thus the cases were assigned to five separate judges. After I brought this situation to the Court's attention, the judge with the first-assigned case (lowest docket number), Judge Wolf, consolidated all nine cases (the eight filed by Coverall and the class action complaint) under his jurisdiction.

It has just recently come to my attention that another related case was already pending in federal court before Judge Tauro at the time Coverall filed its complaints against my clients, which it also did not note as a related case on its cover sheets. That case, Alvarenga v. Coverall North America, et al, No. 05-11819 (JLT), brought by an individual against Coverall states nearly identical claims to those alleged in the class action complaint that I filed. (I have attached here a copy of the Alvargenga complaint [which was originally filed in state court and then removed] as well as the class action Machado complaint.)

Had I known of the pendency of Alvarenga in federal court at the time that I filed the Machado complaint, I would have noted it as a related case, and the Machado case would have been assigned to Judge Tauro. Had Coverall noted it as a related case on its civil action cover sheets, then its eight cases would have been assigned to Judge Tauro as well.

Again, I am bringing this situation to your attention in your capacity as Chief Judge to intervene if necessary to ensure that the rules of this Court are followed with respect to judge assignments in related cases. The Machado case as well as all eight cases filed by Coverall should have been assigned to Judge Tauro as related cases to Alvarenga.

I also just learned that the Alvarenga case has been remanded to state court, with the defendants' consent. However, had the Machado case properly been assigned to Judge Tauro, and perhaps consolidated with Alvarenga, the federal court may then have had jurisdiction, as the total amount in controversy would have then exceeded the $75,000 requirement for diversity jurisdiction. The fact that Alvarenga has now been remanded has no bearing on whether Machado and the other cases listed above filed by Coverall should be assigned to the first-assigned judge for these matters. Prior to the remand, Coverall should have brought to the Court's attention the fact that this related action was pending, and in any event Local Rule 40.1(G) requires that any related case that was pending in federal court within the last two years should be noted on the cover sheet. This rule is designed to prevent the type of forum shopping in which Coverall appears to have been engaging.

74

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**

Thank you for your attention to this matter.

Sincerely,

Shannon Liss-Riordan

cc: The Honorable Mark L. Wolf
    The Honorable Joseph L. Tauro
    Michael Vhay, Esq.
    Jennifer Huggins, Esq.
    Melissa Allison, Esq.