

**PIPER RUDNICK
GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

MICHAEL D. VHAY
michael.vhay@dlapiper.com
T 617.406.6033

October 31, 2005

**HAND DELIVERY**

The Honorable William G. Young
Chief Judge, United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02110

    Re:    Alvarenga v. Coverall North America, Inc., et al., No. 05-11819 (JLT)
              Coverall North America, Inc. v. Padilha, No. 05-11867 (MLW)
              Coverall North America, Inc. v. Lisboa, No. 05-11868
              Coverall North America, Inc. v. Canestraro, No. 05-11869
              Coverall North America, Inc. v. Martins, No. 05-11870
              Coverall North America, Inc. v. Pereira, No. 05-11871
              Coverall North America, Inc. v. Furtado, No. 05-11872
              Coverall North America, Inc. v. De Carvalho, No. 05-11873
              Coverall North America, Inc. v. Sodre, No. 05-11874
              Machado et al. v. Coverall North America, Inc., No. 05-11884

Dear Chief Judge Young:

      This is in response to a letter addressed to you by Shannon Liss-Riordan, dated October 28, 2005, concerning the above-referenced cases (a copy of the letter is attached hereto as <u>Tab A</u>). In her letter, Attorney Liss-Riordan contends that Coverall North America, Inc. ("Coverall") should have listed <u>Alvarenga v. Coverall North America, Inc., et al.</u>, No. 05-11819 (JLT) as a related case at the time Coverall filed eight petitions to compel arbitration against eight separate Coverall franchisees. Attorney Liss-Riordan also argues that Coverall's failure to do so resulted in harm to her clients. Both arguments lack merit.

      Coverall's petitions to compel arbitration (the <u>Padilha</u>, <u>Lisboa</u>, <u>Canestraro</u>, <u>Martins</u>, <u>Pereira</u>, <u>Furtado</u>, <u>De Carvalho</u>, and <u>Sodre</u> matters, listed above) were not "related" to the <u>Alvarenga</u> matter (a case that was dismissed last week for lack of jurisdiction) under Local Rule 40.1(G). Under Rule 40.1(G), a case is related to one previously filed in this Court if some

**Serving clients globally**



or all of the parties are the same, **and** (1) the cases involve the same or similar claims or defenses; (2) the cases involve the same property, transaction, or event; (3) the cases involve insurance coverage for the same property, transaction, or event, or (4) the cases involve substantially the same questions of fact and law.

Although Coverall is a party to both the <u>Alvarenga</u> matter and the petitions to compel arbitration, none of the other conditions of Rule 40.1(G) were met at the time Coverall filed its petitions. The petitions to compel arbitration do not involve the same or similar claims or defenses as the <u>Alvarenga</u> matter: the only claim presented by Coverall in the petitions to compel arbitration is that the respondents should be held to their agreement to arbitrate their disputes with Coverall. The cases do not involve the same property, transaction, or event, nor do they involve insurance coverage for the same property, transaction, or event. Finally, the petitions to compel arbitration do not involve substantially the same questions of fact and law as the <u>Alvarenga</u> matter.

Attorney Liss-Riordan further argues in her letter that if Coverall had listed <u>Alvarenga</u> as "related" to each of Coverall's petitions to compel arbitration, Liss-Riordan's subsequently filed action (the <u>Machado</u> matter listed above) would "perhaps" have been consolidated with <u>Alvarenga</u>, and that the federal court "may" then have had diversity jurisdiction over the <u>Alvarenga</u> matter (the <u>Alvarenga</u> matter was recently remanded to state court). Attorney Liss-Riordan cites no authority for the proposition that individual plaintiffs in consolidated actions may combine their claims for purposes of the amount-in-controversy requirement. Moreover, it is difficult to understand how any harm could have been done to Attorney Liss-Riordan's clients (the plaintiffs in the <u>Machado</u> action) by virtue of a remand of the <u>Alvarenga</u> matter. All of the parties to <u>Alvarenga</u>, none of whom is represented by Attorney Liss-Riordan, agreed to a remand of that action for the simple reason that no federal jurisdiction existed.

In sum, Coverall did not list the <u>Alvarenga</u> matter as "related" to Coverall's petitions to compel arbitration because it was not "related" within the meaning of Local Rule 40.1(G) at the time Coverall filed its petitions. Additionally, even if the case should have been listed as related, the only harm alleged by Attorney Liss-Riordan is that the <u>Machado</u> action is currently assigned to Judge Wolf rather than Judge Tauro, a complaint that seems to constitute the type of "forum shopping" of which she accuses Coverall in her letter.

Cordially,

Michael D. Vhay



The Honorable William G. Young
October 31, 2005
Page 3

cc: The Honorable Mark L. Wolf (by e-filing)
The Honorable Joseph L. Tauro (by e-filing)
Shannon Liss-Riordan, Esq.
Jennifer Huggins, Esq.
Melissa Allison, Esq.
Traci S. Feit, Esq.

~BOST1:395715.v1

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**
Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea

Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon
Leah M. Barrault
Stephen Young

Telephone (617) 367-7200
Fax (617) 367-4820

Tod A. Cochran
OF COUNSEL

October 28, 2005

*Also admitted in Maine
**Also admitted in New York

*VIA HAND DELIVERY*
The Honorable William G. Young
Chief Judge, United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

RE: Alvarenga v. Coverall North America, et al, No. 05-11819 (JLT)

Coverall North America, Inc. v. Padilha, No. 05-11867 (MLW)

Coverall North America, Inc. v. Lisboa, No. 05-11868

Coverall North America, Inc. v. Canestraro, No. 05-11869

Coverall North America, Inc. v. Martins, No. 05-11870

Coverall North America, Inc. v. Pereira, No. 05-11871

Coverall North America, Inc. v. Furtado, No. 05-11872

Coverall North America, Inc. v. De Carvalho, No. 05-11873

Coverall North America, Inc. v. Sodre, No. 05-11874

Machado et al. v. Coverall North America, Inc., No. 05-11884

Dear Chief Judge Young:

As you may recall, I wrote to you last month regarding Coverall North America's filing of eight separate lawsuits against my clients in a preemptive move seeking to compel them to arbitrate their claims prior to their filing a class action complaint (*see* attached correspondence). When filing these eight separate lawsuits, Coverall did not

PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.

indicate on the civil category sheets, as required by Local Rule 40.1(G)(2), that other related cases were being filed, and thus the cases were assigned to five separate judges. After I brought this situation to the Court's attention, the judge with the first-assigned case (lowest docket number), Judge Wolf, consolidated all nine cases (the eight filed by Coverall and the class action complaint) under his jurisdiction.

It has just recently come to my attention that another related case was already pending in federal court before Judge Tauro at the time Coverall filed its complaints against my clients, which it also did not note as a related case on its cover sheets. That case, Alvarenga v. Coverall North America, et al, No. 05-11819 (JLT), brought by an individual against Coverall states nearly identical claims to those alleged in the class action complaint that I filed. (I have attached here a copy of the Alvargenga complaint [which was originally filed in state court and then removed] as well as the class action Machado complaint.)

Had I known of the pendency of Alvarenga in federal court at the time that I filed the Machado complaint, I would have noted it as a related case, and the Machado case would have been assigned to Judge Tauro. Had Coverall noted it as a related case on its civil action cover sheets, then its eight cases would have been assigned to Judge Tauro as well.

Again, I am bringing this situation to your attention in your capacity as Chief Judge to intervene if necessary to ensure that the rules of this Court are followed with respect to judge assignments in related cases. The Machado case as well as all eight cases filed by Coverall should have been assigned to Judge Tauro as related cases to Alvarenga.

I also just learned that the Alvarenga case has been remanded to state court, with the defendants' consent. However, had the Machado case properly been assigned to Judge Tauro, and perhaps consolidated with Alvarenga, the federal court may then have had jurisdiction, as the total amount in controversy would have then exceeded the $75,000 requirement for diversity jurisdiction. The fact that Alvarenga has now been remanded has no bearing on whether Machado and the other cases listed above filed by Coverall should be assigned to the first-assigned judge for these matters. Prior to the remand, Coverall should have brought to the Court's attention the fact that this related action was pending, and in any event Local Rule 40.1(G) requires that any related case that was pending in federal court within the last two years should be noted on the cover sheet. This rule is designed to prevent the type of forum shopping in which Coverall appears to have been engaging.

74

PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.

Thank you for your attention to this matter.

Sincerely,

*Shannon Liss-Riordan*

Shannon Liss-Riordan

cc: The Honorable Mark L. Wolf
The Honorable Joseph L. Tauro
Michael Vhay, Esq.
Jennifer Huggins, Esq.
Melissa Allison, Esq.